UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER WALDRON, for the ESTATE OF ROBERT J. HARRIS,

Plaintiff,

v.

COUNTY OF CHELAN, a political subdivision of the State of Washington, COLUMBIA RIVER DRUG TASK FORCE, a cooperative law enforcement entity also known as CRDTF and JOHN and JANE DOES 1-10,

Defendants.

No. 2:15-CV-00337-SMJ

**ORDER GRANTING IN PART DEFENDANTS CHELAN COUNTY'S AND THE COLUMBIA RIVER DRUG TASK FORCE'S MOTION TO DISMISS PURSUANT TO FRCP 12(C)**

## I. INTRODUCTION

Robert Harris was killed in an encounter with police in Wenatchee, Washington on December 12, 2013. Plaintiff Christopher Waldron filed this action on behalf of Harris's estate, alleging federal constitutional and state law claims against the City of Wenatchee, the Chelan County, the Columbia River Drug Task Force (CRDTF), and Wenatchee Police Officer Scott Reiber. The parties stipulated to dismissal of all claims against the City of Wenatchee and Reiber. The remaining Defendants now move for dismissal on the basis that

Plaintiff has failed to state a claim against Chelan County or CRDTF. Specifically, Defendants' argue that Plaintiff's complaint fails to meet the requirements for alleging municipal liability under Section 1983.[1] ECF No. 19 at 8–10. A local government entity is responsible for its officials' unconstitutional conduct under Section 1983 only if the conduct was caused by a municipal policy, practice, or custom. Because the complaint does not allege, with the specificity required, that a violation of Harris's constitutional rights was caused by Chelan County or CRDTF policy, practice, or custom, Plaintiff's federal constitutional claims are dismissed. However, because the Court does not find that amendment of the complaint would necessarily be futile, the dismissal is without prejudice, and the Court grants Plaintiff leave to amend.

## II. BACKGROUND

On December 12, 2013, Wenatchee Police Officer Scott Reiber and other members of the Columbia River Drug Task Force (CRDTF) planned to execute a stop-and-arrest of Robert Harris following an alleged hand-to-hand sale of narcotics between Harris and an informant. ECF No. 1 at 5. The officers attempted to execute this plan when Harris, who was unarmed, pulled the Ford Bronco he was driving into the drive-through lane of a Taco Bell restaurant in Wenatchee,

[1] Defendants also moved to dismiss CRDTF as a party on the basis that it is not separate legal entity that may be held liable under 42 U.S.C. §1983. ECF No. 19 at 6–8. Defendants have withdrawn this motion. ECF No. 23 at 2.

Washington. ECF No. 1 at 4. Reiber approached Harris's vehicle with his service firearm drawn. ECF No. 1 at 4. When Reiber attempted to open the driver's side door, Harris began driving forward. ECF No. 1 at 4. Reiber continued to hold onto the driver's side door and fired his weapon multiple times through the closed driver's side door and window. ECF No. 1 at 4. Harris was wounded by gunshots and ultimately crashed into a second police officer's vehicle at the end of the drive-through lane. ECF No. 1 at 4. Reiber fired one or two more shots at Harris's vehicle after it stopped. ECF No. 1 at 4. Harris died at the scene. ECF No. 1 at 5.

Plaintiff Christopher Waldron filed this action on behalf of the Estate of Robert Harris on December 4, 2015, against the City of Wenatchee, Chelan County, the CRDTF, Scott Reiber, and John and Jane Does 1-10. ECF No. 1 The complaint alleges violations of Harris's rights under the Fourth Amendment and Fourteenth Amendments to the United States Constitution, negligence, wrongful death, and outrage. The Court granted the parties' stipulated dismissal of Defendants City of Wenatchee and Scott Reiber on September 16, 2016. ECF No. 25

## III. RULE 12(b) AND 12(c) STANDARD

A Rule 12(b)(6) motion to dismiss must be filed before a party files a responsive pleading. However, a party may file a motion for judgment on the pleadings for failure to state a claim under Rule 12(c) after a responsive pleading

has been filed. Because Defendants' motion was filed after their answer, the Court construes this motion as a Rule 12(c) motion for judgment on the pleadings.

A motion to dismiss for failure to state a claim under Rule 12(c) is functionally equivalent to a Rule 12(b)(6) motion to dismiss, and the same standard applies. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A claim may be dismissed pursuant to Rule 12(b)(6) or Rule 12(c) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. DISCUSSION

**A. Local Government Liability under 42 U.S.C. § 1983.**

Defendants argue that Plaintiff has not met the requirements for alleging municipal liability under Section 1983. ECF No. 19 at 8–10. 42 U.S.C. § 1983 creates a cause of action against those who, acting pursuant to state government authority, violate federal law. To establish Section 1983 liability, a plaintiff must show (1) deprivation of a right secured by the Constitution and laws of the United States and (2) that the deprivation was committed by a person acting under color of state law. *Chudacoff v. Univ. Med. Cntr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011).

A local governmental unit or municipality may be sued under Section 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). However, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (1978). Instead, a municipality is responsible for its officials' unconstitutional conduct under Section 1983 only if the conduct was caused by a municipal policy, practice, or custom. *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). A plaintiff may establish a municipal policy, practice, or custom in one of three ways: (1) "the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the standard operating

procedure of the local government entity"; (2) the plaintiff may show "that the individual who committed the constitutional tort was an official with final policy-making authority"; or (3) "the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Hooper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)) (internal quotation marks omitted).

Plaintiff alleges that "[a]t all times, Officer Reiber was acting pursuant to City of Wenatchee Police Department and CRDTF policies, practices and procedures when he killed Mr. Harris." ECF No. 1 at 5. But such bare conclusory allegations of policy, practice, or custom are insufficient to state a claim. *See Iqbal*, 556 U.S. at 678; *Cuviello v. City and Cnty. of S.F.*, 940 F. Supp. 2d. 1071, 1090 (N.D. Cal. 2013) (conclusory allegations of city "policy and/or custom" insufficient to establish *Monell* liability). The complaint identifies no specific formal policy or custom that was followed in violation of Harris's constitutional rights. The complaint also does not allege that an official with final policy-making authority acted in a way that violated Harris's constitutional rights or ratified the actions of a subordinate. Plaintiff alleges only that "Sheriff Brian Burnett was the chief policy maker for the County of Chelan with respect to Chelan County Sheriff policies and procedures." ECF No. 1 at 5. Accordingly, Plaintiff's federal

claims are dismissed for failure to allege a basis for liability under Section 1983. *See Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1159–60 (E.D. Cal. 2009) (citing *Iqbal*, 556 U.S. at 677–78) (dismissing claim for failure to allege facts establishing liability under *Monell*).

**B. Leave to Amend**

Plaintiff asks that if the Court finds Plaintiff's complaint deficient, the Court grant leave to amend the complaint to cure any pleading deficiencies. ECF No. 20 at 17. Courts should generally grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Because it is not clear that amendment would be futile, Plaintiff's request for leave is granted.

## V. CONCLUSION

For the reasons discussed, Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 are dismissed without prejudice. Plaintiff's request for leave to amend the complaint is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Pursuant to FRCP 12(b) & 12(c), **ECF No. 19**, is **GRANTED IN PART**.
2. Plaintiff's federal constitutional claims are **DISMISSED WITHOUT PREJUDICE**.

**3.** Plaintiff's request for leave to amend the complaint is **GRANTED**.

**4.** Plaintiff shall file an amended complaint on or before **October 28, 2016**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 7th day of October 2016.

SALVADOR MENDOZA, JR.
United States District Judge